Please the court. I am Rebecca Kurz arguing on behalf of Mr. Edward Merritt this morning. Mr. Merritt contends that his prior conviction for conspiracy to possess with the intent to distribute cocaine under 21 U.S.C. 846 cannot be used to enhance his base offense level because it is not a controlled substance offense as that term is defined in guideline 4b 1.2. The government's primary argument is that this issue is controlled by this court's en banc opinion in Mendoza-Figueroa, so I'd like to start by addressing that case. That's a good place to start. The holding of Mendoza-Figueroa is a narrow one. It's narrower than the government asserts. That case concerns the scope of the sentencing commission's statutory authority, which is different and distinct from the issue that Mr. Merritt raises concerning whether the commentary is merely interpreting the guideline text or if it is actually inconsistent with the guideline text. The government argues though that the second issue you just discussed was necessarily addressed. There's a specific line in Mendoza-Figueroa. Court said, quote, Mendoza-Figueroa does not argue and in our view could not tenably argue that note one is a plainly erroneous reading of 4b 1.2. Because the issue was never raised by the defendant in that case, it was never decided by the court. A court's holding is determined by the specific issues before it. Now, subsequent panels haven't necessarily seen it that way. I think it is a Bailey and McNeil. That is true. That is true and there were there at least one or two that just summarily say Mendoza-Figueroa forecloses this issue and I just respectfully disagree. That's not my reading of the case. So in your view, can this panel disagree with those prior panels if we disagree on the merits? You can correct. Mendoza-Figueroa does not have to be overruled in order for Mr. Merritt to win and you are not bound by those panels because Mendoza-Figueroa never decided the issue that those cases say it decided. The court specifically said in Mendoza, we do not reach that issue. They threw in gratuitously, we don't think he could tentatively argue that it's that the commentary is plainly erroneous, but that's not a holding. In order to interpret Mendoza-Figueroa as the government does, you would have to say, well, an en banc opinion of this court controls an issue that was never raised, never briefed, never argued, never mentioned other than the single sentence that I just read in that opinion. That is far, far too broad to give to that case. It also specifically focuses on 2018. It just seems to be a logical reading of the earlier case. Is it, it would have been a necessary conclusion to make in the analysis that the court used? I agree with your first statement more so that it's a logical reading, but in my reading of it, it is merely an assumption. The Mendoza-Figueroa court is simply saying, look, 28 U.S.C. 994-H is not the only statutory authority under which this sentencing commission can act. It is saying that there are larger, more broader powers under sections 994-A through F, I think it was. And again, I just go back to the specific language in the case where it says, we are not deciding this issue. It was not raised by the defendant. So it can't possibly be the holding of the court, although I do fully agree that other panel decisions have interpreted that way. And we would be bound by those panel decisions. I feel like you're, I feel like you are bound by holdings of previous panel decisions and holdings, obviously, of an en banc decision. It's simply not a holding. It really doesn't even arise to the level of dicta. It's, I understand what you're saying. It's kind of this tacit underlying issue lurking there. But if a defendant does not say, look, I'm contesting that conspiracy cannot fall under the controlled substance offense definition because I think note one is inconsistent with the commentary, the court's not going to even consider that issue. The court's not going to take up that issue and decide it for the litigant. It would be perfectly acceptable, and this is what Mendoza-Figueroa does, to simply assume, yes, in this case, commentary is interpreting. It is not inconsistent with text. Also, I would want to point to the court's decision in United States v. Bell. Bell, now that portion of Bell which said Missouri second degree robbery does not rise to the level of a forced clause offense, that part has been overruled. But Bell also held that the offenses previously in the commentary that were then moved up to the enumerated offenses clause of 4B1.2. It said that those, the commentary could not add those offenses into the definition. It could not automatically just convert them into enumerated offenses. It said there has to be a textual hook. There must be something within the text that is ambiguous, that needs interpretation. The same applies to note one with respect to the controlled substance offenses. The text is very clear. It sets forth a finite, limited number of offenses that come within the scope of controlled substance offense. The textual language of the guideline text says, a controlled substance means an offense that prohibits the manufacturer, import, export, et cetera, means the Supreme Court has said when that specific word is used in a statute, it excludes any meaning that is not stated. Not stated in that definition is that conspiracy offenses or other inchoate offenses also apply. So there is nothing, the government does not point to any word, any particular phrase in that definition that somehow needs to be interpreted or clarified by commentary. Contrast that with the Armed Career Criminal Act. When Congress uses the word includes or involves or related to, it is putting forth a list of examples that is not exhaustive, but is merely illustrative. That is exactly how Congress defined the term serious drug offense in the ACCA statute. It says an offense under state law involving manufacturing, distributing, or possessing. So in ACCA, the statute pulls in inchoate offenses by using the broader language involving as opposed to saying, as the guideline does, controlled substance offense means and lists finite number of offenses. I'm well into my rebuttal. I'd like to save some time if you don't mind. Mr. Casey. Your honors, may it please the court, Brian Casey appearing on behalf of the United States. A comment was made that the government's never pointed to any word that needs interpretation. I think our brief makes it clear, but I want to make very clear at the start of the argument. The federal crime of conspiracy to distribute controlled substance is a crime that prohibits the distribution of a controlled substance. The plain language of the guideline defines a controlled substance offense as crimes that prohibit the distribution, manufacture, etc., of controlled substances. The operative language here is that word prohibit. And a conspiracy to distribute controlled substances prohibits the distribution of controlled substances just as much as the substantive offense. And so the language here, I know that Mr. Merrick's made an effort to say, well, there's nothing here that's ambiguous. There's nothing here that needs interpretation. There's no language here that the government's point to. In our brief, we make it very clear that conspiracy to distribute controlled substance prohibits the distribution of a controlled substance. And that is the term, that is the clear language that covers the offense in this case. And I think this court can look to the Lang case from the 11th circuit. It does a very good analysis of what prohibit means under this guideline section. It means to prevent, to stop. And of course, the federal crime of conspiracy to distribute a controlled substance prevents the distribution of controlled substances. It stops the distributions of controlled substances. It punishes the distribution of controlled substances. It prohibits that act. And so under the plain language of the guideline, conspiracy, just like attempt, just like aiding and abetting, are covered by the plain language of the guideline. All that the application note does then is clarify that the plain language of the, what the plain language of the guideline says, conspiracy, aiding and abetting, are also covered. And so this is not a case where the commentary of the guideline conflicts with, or in any way is an erroneous reading of the guideline section. Mr. Merritt's brief starts, very first case it starts in this analysis section is with Stinson. Stinson is a Supreme Court case that gives us guidance on how the commentary and the substance guidelines provisions work together. It says there are four ways in which the commentary wouldn't be authoritative if it violates a statute, or if it, and the two operative ones here are whether it's inconsistent or clearly erroneous reading of the guideline section. And that was exactly the issue that was decided in Mendoza-Figueroa. So I do think Mendoza-Figueroa does bind, and it binds for the reason, you know, the court's mentioned. While that, the question came up in a different context, while the ultimate holding to be decided in Mendoza-Figueroa was a different question. The reasoning was exactly the same. Mendoza-Figueroa looked at Stinson and took Stinson and said, and applied to the Stinson factors to this, the exact same commentary section. And it said that the commentary section was not inconsistent. It said that it wasn't a clearly erroneous reading of the guideline. And that's exactly the holding that the court needs to make in this case. That's the controlling holding. So that necessary part of the reasoning in Mendoza-Figueroa is every bit as much a piece of the court's holding in that case. And that is why this case, that case, Mendoza-Figueroa binds here and is binding precedent. The, Mr. Merritt didn't mention it during his argument, but the, there's a driving assumption to the argument. And the driving assumption is that somehow, in quote, offenses are not offenses that prohibit the distribution of a controlled substance. That assumption kind of comes out of nowhere. I think in plain language, you know, it's clear that they are. But the assumption is just an assumption made. It's the premise that started with. And it comes from this court to do in this case is follow Mendoza-Figueroa. And let's not repeat what happened in the early nineties. Cause in the early nineties, the DC circuit issues a case, Price and Judge Silverman was on the panel in Price and Price had the contrary holding. Price was the holding that this, the commentary section that we're talking about was inconsistent with the guideline section. And so in Price, they said, I believe Price was a attempt, but in Price, they said, well, attempted drug trafficking kind wasn't a controlled substances offense under this guideline. And then that came to this court in Mendoza-Figueroa. The original panel in Mendoza-Figueroa agreed, adopted the Price reasoning. It then went on bonk. And that is where this court said, no. Conspiracy in that case, it was a conspiracy case, conspiracy to distribute marijuana. So conspiracy is a controlled substances offense. And it gave the reasoning that I just talked about. The Price case then 25 years later comes back in the Winstead case, also in the DC circuit. DC circuit looks back to Price and says, the argument's back again. We're agreeing with Price. We're saying that this commentary somehow does conflict with the guideline. And that's really just the DC circuit. And again, that was Judge Silverman. He was on the panel in Price. He wrote Winstead. And he was just following circuit precedent, following it based on this assumption that these ENCODE offenses somehow weren't, he doesn't even analyze whether or not they actually themselves were offenses that prohibited the distribution of a controlled substance. In this circuit, and every other circuit to look at the issue, the case law is different. And so I think we just look to the DC circuit as an outlier there. And the one thing, though, the DC circuit does, and really the only piece of analysis it gives, is it starts with the assumption that conspiracy is something different. It's not listed in the guideline, which again, I think is a simply false assumption. And then it makes an argument, a textual argument, under the principle expressio unius that says, well, because attempt wasn't listed in the guideline, attempt was listed in the crime of violence guideline, the court knew how to, whether or not to use attempt or not. And that argument is just simply, it's based on a category mistake. And if you actually look at the guidelines, you'll see just how invalid that argument is. Because when the word attempt is used in the crime of violence portion of the guideline, it refers to elements. An attempted, the element of the attempted use of force. That is referring to, you know, use of force or attempted use of as an element, the use of force or the attempted use of force. So for example, bank robbery or car jack. Crime of violence, if you look at the commentary note, it includes both crime of violence and controlled substances offenses. As it says for both crime of violence and controlled substance offense, they include conspiracy attempt in aiding and abetting. So the guidelines actually treat the two the same. And to then try to carve out and say, well, the crime of violence section has, you know, uses the word attempt. It uses the word attempt entirely differently. And so the result that you get there is, let's look at car jacking. Car jacking has an element, the attempted use of force. You could commit a completed car jacking by attempting to use force but not actually using force. You run up on the car, you brandish the gun. Before you have a chance to use force to remove the driver, the driver gets out and runs away from the car. Then the car jacker takes the car and completes the crime. So attempted use of force could get you completed car jacking. However, you could actually use force and not complete the crime of car jacking. That is, you could have an attempted car jacking that actually uses force. You come up onto the car with the gun. You actually forcibly remove the driver from the car. Something intervening happens, you don't complete the crime, so the police come up and stop the crime. Under the Winstead's logic, a car jacking, completed car jacking with the attempted use of force would be a crime of and that's the categorical mistake. That's the absurd result. That's why the reasoning of Winstead should not be adopted by this court. This court should follow Mendoza-Figueroa in affirming this case. Thank you, Mr. Casey. Thank you. I disagree with counsel's comment that conspiracy is an offense that prohibits distribution, manufacturing, exporting, and importing consumer substances. It prohibits the formation of an agreement. Conspiracy under 846, which is how Mr. Merritt was convicted, does not require an overt act. He can be convicted of conspiracy without making any attempt to distribute, dispense, import. The same is true for all of his fellow co-conspirators. Not a single person involved in a conspiracy to take an overt act amounts to what is actually defined in 4B1, possession, distribution, manufacturing. Contrast that with aiding and abetting. The aider and abetter is object offense. He's just as guilty as the principal. He's not merely guilty of forming a plan, knowingly agreeing to participate in a plan that may never take place. Even if this court could conclude, say, yes, Mendoza-Figueroa, it's controlling, we're going to allow the commentary to expand the definition to include conspiracies, an overt act is not an element in 846 conspiracy. Conspiracy in Note 1 needs to be defined as generic conspiracy. It has to be generic conspiracy because that term applies both to controlled substance offenses, which you could arguably say brings in 846, because that conspiracy applies to controlled substance offenses. But the term conspiracy in uh crimes of violence, robbery, assault, murder, can't say in any sense that 846 would have anything to do with those offenses. So, it has to be generic and generic conspiracy is defined by 40 jurisdictions that model penal code as requiring an overt act. So, 846 conspiracy is too broad. It includes offenses that are not meant to be punished under 41. I've gone way over. I thank you for indulging. Thank you, Ms. Kearse. Thank you also, Mr. Casey. You've provided interesting argument to us that will be helpful and we will take the case under advisement.